GULOTTA, Judge.
In this slip and fall case the trial judge awarded plaintiff a judgment in the amount of $2,700.00. Defendant appeals. We affirm.
The record supports the trial judge’s written reasons that plaintiff was not “forewarned” of a damp, recently mopped “coke” spill on which plaintiff slipped and fell causing bruising of the left arm, left breast and abrasions of the arms and legs. The trial judge simply accepted the plaintiff’s testimony and that of her witness sister that she had not been warned of the damp spot on the floor and he rejected the testimony of a defendant’s employee that plaintiff disregarded the employee’s warning and walked through the damp area resulting in plaintiff’s fall. The employee, shortly before the fall, had mopped the spillage, had placed a garbage can on the wet area and had stationed herself in the vicinity of the mopped spill to warn others of the dampness.
The trial judge, in awarding $2,700.00 damages, indicated in his reasons for judgment that he was not “impressed by plaintiff’s description of her difficulties beyond what the Court believes to be a reasonable recovery from two abrasions.” Although a $2,700.00 award for two abrasions appears to be so excessive as to constitute an abuse of the trial court’s discretion, virtually undisputed is the fact that plaintiff suffered bruises to her left breast and left arm as well as abrasions of the legs requiring medical examination and treatment on two occasions by Dr. Irving Redler and further examination by Dr. Richard Paddison approximately nine months subsequent to the accident.
Plaintiff testified that as she fell, her left arm went into the grocery cart she was “reaching for,” and her left armpit “got caught over the edge of the basket.” Both plaintiff and her mother testified that at the time of trial (approximately sixteen months after the accident), plaintiff was still applying a heating pad to her left arm.
Although no medical evidence was offered,[1] a medical bill from Dr. Redler in the amount of $120.00 and one from Dr. Paddi-son in the amount of $100.00 was offered into evidence. Plaintiff’s testimony con *377 sidered, together with the observations and conclusions of the trial judge, we consider the $2,700.00 award to be somewhat high but not so excessive so as to constitute an abuse of the trial court’s discretion.
Accordingly, the judgment is affirmed.

AFFIRMED.

SCHOTT, J., dissenting in part.

. Neither Dr. Redler nor Dr. Paddison testified, nor were their depositions offered into evidence. Dr. Redler’s deposition was referred to but never offered into evidence.